IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASMINE JANEAN ANSELY, ) | |
| As Personal Representative of the ) | |
| Estate of Michael Claude Ansley, ) | |
| Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:18-cv-01010-RAH |
| ) | (WO) |
| DEBRA L. SPICER, individually, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff's motion to voluntarily dismiss her complaint without prejudice. (Doc. 43.) Plaintiff requests dismissal on the basis that the Plaintiff will soon "lack standing to prosecute this matter" as a personal representative because the underlying estate was filed in an incorrect forum. (Doc. 43.) Presumably, a new estate will be opened in Covington County, Alabama. Plaintiff does not state under which rule she seeks dismissal. However, since the Defendants already have filed answers, Plaintiff's dismissal request only can be considered under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Defendant Debra L. Spicer agrees to a dismissal without prejudice, contingent upon the Plaintiff's return of all written discovery and documents obtained by Plaintiff from the Defendants and third parties and the payment of all defense costs and fees. (Doc. 46.) Defendant Alan Syler also raises no objection to a dismissal without prejudice, but requests the dismissal be conditioned upon the taxation of costs against the Plaintiff. (Doc. 45.)

For good cause shown, the Court will dismiss this matter without prejudice, but with costs taxed against the Plaintiff. All other requested relief is denied.

**I. Legal Standard**

After the filing of an answer or a summary judgment motion, Rule 41 governs a plaintiff's ability to voluntarily dismiss an action. See Fed. R. Civ. P. 41(a)(1)-(2). A district court has broad discretion in determining whether to allow a plaintiff to voluntary dismiss her claims. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976). A motion to voluntary dismiss an action "should be granted unless the defendant will suffer *clear legal prejudice* ... as a result." *McCants*, 781 F.2d at 856-57 (emphasis

added). Clear legal prejudice is determined by asking the "crucial" question of whether the defendant would lose any substantial right by the dismissal. *Pontenberg*, 252 F.3d at 1255-56; *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). The "mere prospect of a subsequent lawsuit" is insufficient to demonstrate clear legal prejudice. *McCants*, 781 F.2d at 857.

## II. Discussion

Having carefully considered the parties' briefs and other relevant portions of the record, the Court finds that the Defendants will not suffer clear legal prejudice upon dismissal of the Plaintiff's lawsuit without prejudice. Defendant Spicer's argument that she would be prejudiced by dismissal because of the time and costs she already has incurred in defense of this lawsuit is not well taken. The Eleventh Circuit and other district courts have rejected similar arguments. *See*, *e.g.*, *McCants*, 781 F.2d at 856-57; *Brown v. ITPE Health & Welfare Fund*, No. 2:05-cv-1002-ID, 2006 WL 2711511, at *2 (M.D. Ala. Sept. 21, 2006) (DeMent, J.) (finding no clear legal prejudice to the defendant and granting the plaintiff's motion for voluntary dismissal in one-year old lawsuit, notwithstanding the fact that "the parties ... engaged in discovery, including the taking of depositions and serving of interrogatories, that a motion for summary judgment [was] pending, and that a ... trial date [was] looming"). Simple litigation costs, inconvenience to defendants, and

the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *McCants*, 781 F.2d 855; *see also Durham*, 385 F.2d 366.

Defendant Spicer offers no argument that she would suffer the loss of any substantial right should the case be dismissed without prejudice. Rather, much, if not all, of the legal work performed in this case is likely "recyclable" in any subsequent case and, therefore, not compensable. *Cadle Co. v. Beury*, 242 F.R.D. 695, 700 (S.D. Ga. 2007). It is well established that an award of fees for purposes of Rule 41 "should not award such fees when the work involved will prove necessary for the ultimate resolution of the second-filed action." *Wolf v. Pac Nat'l., N.A.*, No. 09-21531-CIV, 2010 WL 1462298, at *4 (S.D. Fla. Mar. 18, 2010) (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (a defendant is only entitled to recover, as a condition of dismissal under Rule 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties)); *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982) (same); *Cauley v. Wilson*, 754 F.2d 769, 773 (7th Cir. 1985) (same); *Zucker v. Katz*, 1990 WL 20171, at *2 (S.D.N.Y. 1990) ("Costs for work product which can be used in a subsequent litigation is not recoverable under Rule 41(d)."); *Simeone v. First Bank Nat'l Ass'n*, 125 F.R.D. 150, 155 (D. Minn. 1989) ("A defendant making a motion for an award of costs pursuant to Rule 41(d) is not entitled to reimbursement for expenses incurred in preparing work product that will be useful in the continuing litigation.")).

Legal work would not be recyclable if the Court was to order the Plaintiff to return all discovery as Defendant Spicer requests. Honoring such a request undoubtedly would result in the duplicity of legal work and therefore unnecessary costs. Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit. See *Germain v. Semco Service Machine Co.*, 79 F.R.D. 85, 87 (S.D.N.Y. 1978). Here, Defendant Spicer has pointed the Court to no legal work or expense that would not be useable in any subsequent litigation between the parties.

Rather, Defendant Spicer appears to seek a windfall based on Plaintiff's technical misstep in filing the estate in an incorrect forum. Such a result would be inequitable at best. *See McCants*, 781 F.2d at 857 ("[T]he district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."). Therefore, the Court finds that voluntary dismissal of this action *without* prejudice and without Defendant Spicer's requested contingencies is appropriate.

Defendant Syler additionally has conditioned his non-opposition to Plaintiff's motion for dismissal on the Court's taxing of costs against Plaintiff. Defendant Syler has not provided any argument as to why costs should be taxed against Plaintiff as a

condition of dismissal in this action. However, the case docket reflects that this action has been pending for over a year and discovery and limited motion practice has taken place.

"The purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." *Bishop v. West American Inc. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982) (citation omitted). "(I)n ruling on motions for voluntary dismissals, the district court should impose *only* those conditions which will alleviate the harm caused to the defendant." *LeCompte*, 528 F.2d at 604-05 (emphasis added).

Because the Plaintiff's Motion to Dismiss is being granted pursuant to Rule 41(a)(2), and the Defendants are the prevailing party, it is within this Court's discretion to condition the dismissal of this action on an award of costs. Accordingly, for the reasons stated above, including consideration of the course, nature, and length of time that this action has been pending, and in order to "do justice between the parties," *McCants*, 781 F.2d at 857, the Court finds that it is appropriate to condition the dismissal without prejudice upon the Plaintiff's payment of taxable costs.

### III. Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Dismiss (Doc. 43) is GRANTED.
2. This action is DISMISSED without prejudice.

    3. Costs are taxed against the Plaintiff.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

    DONE, this 6th day of February, 2020.

                                           /s/ R. Austin Huffaker, Jr.
                                     R. AUSTIN HUFFAKER, JR.
                                     UNITED STATES DISTRICT JUDGE